```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

    - v. -                            :

KELVIN DUKE,                          :

                    Defendant.   :

                               :

- - - - - - - - - - - - - - - - - - x

**SEALED INDICTMENT**

**15 CRIM 491**

### COUNT ONE
### (Murder-for-Hire Conspiracy)

The Grand Jury charges:

1.  From at least in or about May 2014, up to and including in or about June 2014, in the Southern District of New York and elsewhere, KELVIN DUKE, the defendant, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to travel in and cause another to travel in interstate commerce, and to use and cause another to use the mail and a facility of interstate commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, to wit, DUKE and others, known and unknown, agreed to murder a person in exchange for money, which arrangements depended in part upon communications by

1

cellular telephones operating on interstate networks.

(Title 18, United States Code, Section 1958.)

## COUNT TWO
### (Firearm Possession for Murder-for-Hire Conspiracy)

The Grand Jury further charges:

2. In or about June 2014, in the Southern District of New York and elsewhere, KELVIN DUKE, the defendant, and others known and unknown, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder-for-hire conspiracy charged in Count One of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT THREE
### (Armed Career Criminal Act Violation)

The Grand Jury further charges:

3. In or about June 2014, in the Southern District of New York and elsewhere, KELVIN DUKE, the defendant, after having been convicted in a court of crimes punishable by imprisonment for a term exceeding one year, to wit, (i) a conviction on or about May 18, 1998 in Bronx County Supreme Court for Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.39(01), a Class B felony, (ii) a conviction on or about March

2

25, 1998 in Bronx County Supreme Court for Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.39(01), a Class B felony, (iii) a conviction on or about December 21, 1995 in Bronx County Supreme Court for Attempted Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.39, a Class C felony, and (iv) a conviction on or about November 2, 1978 in Bronx County Supreme Court for Robbery in the First Degree, in violation of New York Penal Law § 160.15(02), a Class B felony, knowingly did possess in and affecting commerce a firearm, to wit, a .38 caliber Taurus Hy-Lite revolver, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1) and 924(e).)

### FORFEITURE ALLEGATIONS

4. As a result of committing the offense charged in Count One of this Indictment, KELVIN DUKE, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in Count One of this Indictment and any and all property that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of this Indictment.

5. As a result of committing the offense charged in Count Two of this Indictment, KELVIN DUKE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461, any firearm or ammunition involved in or used in the offense charged in Count Two of this Indictment.

### Substitute Assets Provision

6. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(b), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 924, 981 and 982; and
Title 28, United States Code, Section 2462.)


_____          _____
FOREPERSON                                PREET BHARARA
                                          United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

KELVIN DUKE,

Defendant.

SEALED INDICTMENT

15 Cr.

(Title 18, United States Code,
Sections 922(g)(1) and 924(e),
924(c)(1)(A)(i) and 2, and 1958.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

7/24/15 Indictment filed under seal, arrest warrant issued.

Pitman, USMJ